## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:94CR70032 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **HARRY DEAN HUNNELL,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*S. Cagle Juhan, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Harry Dean Hunnell is charged with violating various conditions of his supervised release by, among other things, using marijuana and failing drug tests for marijuana and methamphetamine.  The government argues that Hunnell's conduct constitutes a Grade B violation under the policy statements of the U.S. Sentencing Guidelines Manual (USSG) because his drug use constituted felony drug possession.  Hunnell contends that he has a Grade C violation because the evidence does not show that he possessed the drugs.  For the following reasons, I find that Hunnell committed a Grade B violation by culpably using, and thereby possessing, controlled substances.

In 1994 Hunnell was convicted in this court and was sentenced to incarceration to be followed by a term of supervised release. In 2007, while serving the term of supervised release, Hunnell was found to have violated the conditions of his supervision by using drugs and failing to report contact with law enforcement. He was sentenced to eight months imprisonment to be followed by a 28-month term of supervised release. Because he also had a lengthy state sentence, Hunnell did not begin his federal supervised release until July 16, 2018.

On February 7, 2019, Hunnell's probation officer petitioned the court to issue a warrant for Hunnell's arrest, alleging that he had violated the conditions of his supervised release because he had failed drug tests for marijuana and methamphetamine and admitted to using marijuana, among other things. The government argues that Hunnell's conduct is a Grade B violation of the conditions of his supervised release because his drug use constituted drug possession by a person subject to felony punishment by reason of his previous drug convictions.[1]

---

[1]    USSG § 7B1.1(a)(2) (2018) provides that conduct constituting an offense punishable by  a term of imprisonment exceeding one year is a Grade B violation of supervised release. Grade C violations include those constituting a crime punishable by one year or less. USSG § 7B1.1(a)(3) (2018). Simple possession of a controlled substance is punishable by not more than one year, unless the person has a prior conviction or convictions of a drug offense, in which the punishment may be more than one year. 21 U.S.C. § 844(a). Hunnell had an original Criminal History Category of VI and if his violation is a Grade B, the USSG nonbinding policy statement is imprisonment of a range of 21 to 27 months, while if his violation is Grade C, it would be 8 to 14 months. USSG § 7B1.4(a). Where there are violations of multiple conditions of

The court has received evidence relating to the present issue, thereafter taking under advisement the appropriate grade of the violation. This Opinion resolves that question, which is simply whether "use" of a controlled substance under the facts of this case constitutes "possession."

The basic facts are uncontested. Hunnell has admitted that he had violated his supervised release by using marijuana and methamphetamine. He objects to the government's contention that this constitutes a Grade B violation, arguing that although he admitted to using controlled substances, the evidence does not show that he possessed them, and thus his conduct does not fall under 21 U.S.C. § 844.

On August 14, 2018, Hunnell failed a urine screen for marijuana and initially denied using marijuana but later admitted to having done so with friends. On September 24, 2018, Hunnell also tested positive for marijuana and Gabapentin, for which he had a prescription. Hunnell again initially denied using marijuana but later admitted to having done so with friends. On January 28, 2019, Hunnell tested positive for methamphetamine and denied having used it.

## II.

The government must prove a supervised release violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). "This standard requires only that the existence of a fact be more probable than its nonexistence." *United*

supervision, as here, the specified nonbinding imprisonment range is determined by the most serious grade. USSG § 7B1.1(b).

Case 1:94-cr-70032-JPJ   Document 67   Filed 04/08/19   Page 3 of 6   Pageid#: 78

*States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (internal quotation marks and citation omitted).

In the Fourth Circuit, "[v]oluntary and knowing ingestion of a controlled substance constitutes possession of that substance." *United States v. Griffin*, No. 99-4292, 1999 WL 1080107, at *1 (4th Cir. Nov. 29, 1999) (unpublished) (citing *United States v. Clark*, 30 F.3d 23, 25 (4th Cir. 1994)). If a district court "credits laboratory analysis as establishing the presence of a controlled substance in the specimen and then goes on to find culpable use of the substance, possession under § 3583(g) 'necessarily follows.'"[2] *Clark*, 30 F.3d at 26 (quoting *United States v. Courtney*, 979 F.2d 45, 49 (5th Cir. 1992)). Use is culpable unless it was unknowing, involuntary, or mistaken, or consisted of innocent ingestion or inhalation of a controlled substance. *Id.* at 26 n.2.

Here, although Hunnell admits that he used marijuana and methamphetamine, he argues that the evidence does not show that he possessed these controlled substances. Instead, he argues that it is possible to use controlled substances without possessing them, such as by third-party injection or inhalation

---

[2] Although the Fourth Circuit's holding in *Clark* was in the context of 18 U.S.C. § 3583(g) (setting forth conduct resulting in mandatory revocation of supervision), it has also applied this reasoning in construing 21 U.S.C. § 844(a). *E.g.*, *United States v. Jemerson*, 132 F. App'x 488, 489 (4th Cir. 2005) (unpublished) (holding that because "[i]ntentional use of a controlled substance is sufficient to establish possession," the district court did not err when it found that the defendant's failed drug tests showed that he had possessed controlled substances after a prior drug-related convction, which resulted in a Grade B violation of his supervised release).

-4-

of secondhand smoke.  However, I find that the facts show that Hunnell culpably used marijuana and methamphetamine.

First, Hunnell failed three drug tests.  It is unlikely that on each of the three occasions, his admitted drug use was by third-party injection, innocent inhalation, or other unknowing or involuntary means.  Moreover, prior conduct may be evidence of knowledge, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b).  Hunnell has seven prior convictions for drug-related offenses, four of which were for drug possession.  In addition, a defendant's "false explanations that will aid his defense are clearly admissible to prove his guilty state of mind." *United States v. Hughes*, 716 F.2d 234, 240–41 (4th Cir. 1983).  After each of his failed drug tests, Hunnell initially denied his drug use but subsequently admitted it.  Taken together, these facts show by a preponderance of the evidence that Hunnell's drug use was not unknowing, involuntary, or mistaken.  Accordingly, I find that the government has proved  that Hunnell's use was culpable, and thus his possession of the controlled substances necessarily follows.

Hunnell raises *Morrissey v. Brewer*, in which the Supreme Court held that due process rights attach to supervised release revocations, and the minimum due process requirements in this context include "written notice of the claimed violations of parole."  408 U.S. 471, 489 (1972).  The defendant states that "'use' not possession was 'charged'" against him, and he suggests that finding that he

Case 1:94-cr-70032-JPJ   Document 67   Filed 04/08/19   Page 5 of 6   Pageid#: 80

possessed, rather than used, controlled substances would violate his Due Process rights. Def.'s Mem. 6, ECF No. 64. However, the probation office's revocation petition and its violation report allege that the defendant violated the conditions of his release prohibiting both possession and use of controlled substances. Thus, the defendant was given written notice of the claimed violations, and finding that he possessed controlled substances would not violate his due process rights.

III.

For the foregoing reasons, I find that the defendant has committed a Grade B violation.

It is so **ORDERED**.

ENTER: April 8, 2019

/s/ *James P. Jones*
United States District Judge